UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Leland Foster, Individually,

       Plaintiff,

v.

J.C. PENNEY COMPANY, INC., a Delaware Corporation,

       Defendant.

Case No. 2:18-cv-12618

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Leland Foster, Individually, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, J.C. Penney Company, Inc., a Delaware Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

2. Defendant J.C. Penney Company, Inc., upon information and belief, owns the property located at 1680 Wright Ave, Alma, MI 48801 in Gratiot County, MI, which is a department store. Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

1

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, Leland Foster an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

7. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events and wheelchair tennis and other activities in Central Michigan and hosted at nearby Central Michigan University which boasts an exceptional and acclaimed adaptive recreation program. Through his involvement in adaptive sports he has established friendships throughout Michigan. Leland Foster frequents many establishments in the Gratiot County region and has been a customer at JCPenney on the property that forms the basis of this lawsuit on May 14,

2018 and previous occasions. During the Plaintiff's visits to Defendant's JCPenney, he encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The

3

place of public accommodation that the Defendant owns, operates, leases or leases to is known as JCPenney is located at 1680 Wright Ave, Alma, MI 48801.

10. Leland Foster has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Leland Foster desires to visit JCPenney not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of JCPenney has shown that violations exist. These violations include, but are not limited to:

Restrooms

    A. There are amenities mounted in excess of allowable reach in the men's restroom, in violation of the ADA whose remedy is readily achievable.

    B. There is no designated handicapped accessible toilet compartment in the men's

4

    restroom, in violation of the ADA whose remedy is readily achievable.

  C. There is insufficient clear floor space in the men's restroom toilet compartment, in violation of the ADA whose remedy is readily achievable.

  D. The toilet compartment doors lack door pulls on both sides in the men's restroom, in violation of the ADA whose remedy is readily achievable.

  E. The toilet compartment lacks compliant grab bars in the men's restroom, in violation of the ADA whose remedy is readily achievable.

  F. The toilet compartment doors do not automatically close in the men's restroom, in violation of the ADA whose remedy is readily achievable.

  G. The water closet in the men's restroom does not meet the required seat height, in violation of the ADA whose remedy is readily achievable.

  H. The mirror in the men's restroom is mounted in excess of permissible height, in violation of the ADA whose remedy is readily achievable.

  I. Lavatory faucet hardware in the men's restroom requires tight grasping or twisting, in violation of the ADA whose remedy is readily achievable.

  J. Lavatories in the men's restroom lack required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

  K. The urinal in the men's restroom is mounted in excess of permissible height and does not have required clear floor space for a forward approach for wheelchair users, in violation of the ADA whose remedy is readily achievable.

  L. There is insufficient latch-side clearance on the exit the door to the men's restroom, in violation of the ADA whose remedy is readily achievable.

  M. Restroom signage is non-compliant with the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

  N. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Fitting Rooms

  O. Fitting rooms have insufficient turning space, partially due to an inward-swinging door, in violation of the ADA whose remedy is readily achievable.

  P. Fitting rooms lack a bench compliant with the 2010 Standards, in violation of the

5

ADA whose remedy is readily achievable.

Q. Fitting rooms have clothing hooks mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Other Amenities

R. The drinking fountain is mounted in excess of permissible height, in violation of the ADA whose remedy is readily achievable. No fewer than two drinking fountains shall be provided. One drinking fountain shall comply with 602.1 through 602.6 and one drinking fountain shall comply with 602.7.

Policies and Procedures:

S. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. JCPenney is a public accommodation and service establishment, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 et seq.

19.     Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20.     JCPenney, is a "place of public accommodation" pursuant to M.C.L §37.1301(a).

21.     Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

22.     Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

for Count II, compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B. Dunn Jr
Owen B. Dunn, Jr., Esq. MI Bar Number P66315
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222

Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica
4334 W. Central Ave., Ste. 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 – Facsimile
valeriefatica@gmail.com
*Admitted to the Eastern District of Michigan